# IN THE SUPERIOR COURT
# OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2013 NOV 14 AM 11: 54

BY:_____

MARIA C. DIZON,

              Plaintiff,

   v.

JEFFREY E. DIZON,

              Defendant.

Domestic Case no. DM 0834-11

**FINDINGS OF FACT and
CONCLUSIONS OF LAW and**

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo for a bench trial on October 23, 2013. The Plaintiff appeared *pro se*. The Defendant was represented by attorney Joaquin C. Arriola Jr.

## BACKGROUND

This matter arises out of a December 12, 2011 Complaint for Divorce. In the pleading Plaintiff requests that she be the sole physical custodian of the Parties' minor children. Defendant answered Plaintiff's compliant on January 12, 2012. In his answer he also requested the sole legal and physical custody of the minor children.

On November 23, 2013, the Court entered an Order for Temporary Custody. Its order was issued subsequent to an August 30, 2012 hearing and the filing and consideration of an October 22, 2012 custody report by the Guam Department of Public Health and Social Services The order found that it was in the best interest of the Parties' minor children that Defendant be the temporary sole physical custodian. Defendant remained the joint legal custodian and was granted visitation every other weekend.

## FINDINGS OF FACT

By preponderance of the evidence the Court makes the following findings of fact:

1. The Parties were married on February 14, 1997;

2. The Parties are the parents of three minor children:

   Jeff C. Dizon, male born 10/12/2005;

   Asia C. Dizon, female born 2/27/2003;

   Jade C. Dizon, female born 9/13/1998;

3. The Parties separated in June of 2008;

4. The Parties' final decree of divorce was entered on January 26, 2013;

5. Plaintiff is currently unemployed and residing with her mother in a four bedroom home in Dededo;

6. Prior to the custody hearing Defendant was renting a two bedroom apartment at Pacific Towers in Tamuning and dividing the cost for rent and utilities with the Parties' 19 year-old Daughter Aiesha; while living in the Pacific Towers' apartment, Plaintiff was employed by Hotel Nikko with an annual income of $23,400.00;

7. Plaintiff was terminated from her employment due to her mismanagement of the stresses associated with the custodial arrangement of her children;

8. Defendant has been employed for approximately the past three years by the Salvation Army;

9. He resides with his girlfriend Maricel Camacho and her four children in a single family two bedroom home in Dededo as well as an adjacent single family 4 bedroom home which belongs to Maricel's mother;

10. The Defendant's home is located on the property of his girlfriend's mother who divides her time at six month intervals between her residences in Guam and the Philippines.

## CONCLUSIONS

The Parties have requested this Court to make a permanent determination of child

custody. Section 8404 of Title 19 of the Guam Code regulates the custodial decisions of the Guam Superior Court. 19 GCA § 8404. It is well settled that in determining which parent the custody of minor children shall be awarded to, the Court must consider what is in the best interest of the child or children involved. *Id.* at (a). In rendering this decision, the Court must consider the legislative preference for joint custody. *Id.* at (h). This is based on the policy that the child spend "as much time with each [parent] as possible when the parents are not living together." *Id.* That preference, however, is "always secondary to the best interests of the child." *Flores v. Cruz*, 1998 Guam 30, ¶ 12. When considering the best interest of the child, the Court must consider what is best for that child's moral, physical, mental, educational, and spiritual welfare. 19 G.C.A. § 8404.

Applying the above standards the Court finds that in this case a significant factor is the emotional and financial stability of the Parties. In this case Defendant has provided the Court with sufficient facts to support a finding of his stability in these areas. However there are insufficient facts to allow the Court to make a finding that Plaintiff can provide the same level of stability. Plaintiff in this case has not maintained a stable home or level of emotional stability which would allow her to acquire steady employment and a stable home. Absent this the Court is not able at this time to find that it is in the best interest of the minor children that that the Parties share joint physical custody.

Based on the foregoing, the Defendant, subject to the Plaintiff's rights to visitation, is awarded the primary physical and joint legal custody of the Parties' minor children. Plaintiff shall remain the joint legal custodian of the minor children and upon a further showing of stability she may apply to increase her custodial and visitation rights six months from the date of this order.

Plaintiff shall be allowed visitation with the minor children every other weekend beginning at 6:00 p.m. Thursday until 6:00 p.m. Sunday or at another time mutually agreed

upon in writing by the Parties. Holiday events and family occasions special to the Parties shall be divided equally.

Within 14 days of the entry of this order the Parties shall submit a proposed custody order outlining a visitation schedule which includes and equally divides holidays, birthdays and other special events significant to the Parties. The order shall also include a delineation of the joint legal custodial rights of the Parties for purposes of their inclusion and participation in the education, medical and other significant: needs, events and decisions of the minor children.

SO ORDERED, this _14_ day of _Nov_ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

NOV 14 2013

Gloria J. Mendiola
Deputy Clerk, Superior Court of Guam